**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
KOUTKEO THI

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.-S-08-389-GEB |
| ) | |
| PLAINTIFF, ) | STIPULATION AND ORDER |
| ) | TO CONTINUE STATUS CONFERENCE |
| v. ) | TO JULY 16, 2010 |
| ) | |
| KEOUDONE N. PHAOUTHOUM, ) | |
| et al., ) | |
| ) | |
| DEFENDANTS. ) | |
| _____) | |

Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Michael M. Beckwith, and defendant Keoudone N. Phaouthoum by his attorney Mr. Joseph J. Wiseman, defendant John Li, by his attorney Mr. Johnny L. Griffin, III, defendant Son Nguyen, by his attorney Mr. Michael B. Bigelow, defendant Vy Rickey You, by his attorney, Mr. Ronald J. Peters, defendant Pamouane Pan Phonephackdy, by his attorney, Mr. Dwight M. Samuel, and defendant Koutkeo Thi, by her attorney Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for **Friday, April 9, 2010, at 9:00 a.m.** before the Honorable United States District Court Judge, Garland E. Burrell, Jr., may be continued to **Friday, July 16, 2010, at 9:00 a.m.**

The Court's courtroom deputy, Ms. Shani Furstenau, has been contacted to

1

ensure the Court's calendar was available for that date and the Court is available on **Friday, July 16, 2010.**

The Court has previously made findings that this case was and remains complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(7)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.  (See Docket Entries # 36, 46, 47, 63, 77, 86,  93, 97, 99 and 109). In addition,  the Court previously found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded  for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(7)(B)(iv), of the speedy trial act. (See Docket Entries # 36, 46, 47, 63, 77, 86, 93, 97, 99 and 109)

## PROCEDURAL STATUS  OF THE CASE

On August 11, 2008, the government filed a criminal complaint. (See Docket Entry #1). On August 28, 2008, the government filed a four count Indictment against the eight (8) defendants. (See Docket Entry # 32)

On August 28, 2008, five (5) of the defendants were arraigned on the four (4) count  Indictment and a status conference was scheduled for November 7, 2008. The Court found that this case is complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.  (See Docket Entry 36). In addition,  the Court previously found from the record made with

1  factual support, that time is to be excluded under local code T-4, that time is to be
2  excluded for the reasonable time necessary for effective preparation by defense
3  counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. Time
4  was excluded under the Speedy Trial Act from August 28, 2008, to November 7,
5  2008. (See Docket Entry 36)

6  On September 24, 2008, defendant Vy Rickey You (which would be the sixth
7  defendant) was arraigned on the four (4) count Indictment. The Court found that this
8  case is complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section
9  3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding
10 that this case is so unusual or so complex, due to the number of defendants, the nature
11 of the prosecution, or the existence of novel questions of fact or law, that it is
12 unreasonable to expect adequate preparation for pretrial proceedings or the trial itself
13 within the time limits established by the Speedy Trial Act.  (See Docket Entry 36). In
14 addition, the Court previously found from the record made with factual support, that
15 time is to be excluded under local code T-4, that time is to be excluded for the
16 reasonable time necessary for effective preparation by defense counsel and Title 18
17 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. Time was excluded under
18 the Speedy Trial Act from August 28, 2008, to November 7, 2008. (See Docket Entry
19 36)

20 On October 7, 2008, defendants Bounthavee Nereasin and Pamouane Pan
21 Phonephackdy (the seventh and eighth defendants) were arraigned on the four (4)
22 count Indictment. The Court found that this case is complex pursuant to the Speedy
23 Trial Act, Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which
24 allowed the Court to make the finding that this case is so unusual or so complex, due
25 to the number of defendants, the nature of the prosecution, or the existence of novel
26 questions of fact or law, that it is unreasonable to expect adequate preparation for
27 pretrial proceedings or the trial itself within the time limits established by the Speedy
28

3

Trial Act.  (See Docket Entry 36 and 47). In addition,  the Court previously found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded  for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. Time was excluded under the Speedy Trial Act from August 28, 2008, to November 7, 2008. (See Docket Entry 36 and 47)

On November 6, 2008 (See Docket Entry #63) the Court signed a Stipulation and Order continuing the case to for further status to Friday, February 6, 2009, finding excludable time under the Speedy Trial Act under both Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act and local code T-4, that time is to be excluded  for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act.

On February 6, 2009, co-defendant Bounthavee Nerasin entered a plea of guilty to Count 1. (See Docket Entry # 76)

On February 11, 2009, the Court signed the parties Stipulation and Order continuing the case for further status to Friday, May 1, 2009, finding excludable time under the Speedy Trial Act under both Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act and local code T-4, that time is to be

excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. (See Docket Entry # 77)

    On April 30, 2009, the Court signed a Stipulation and Order continuing the case for further status to Friday, July 31, 2009, finding excludable time under the Speedy Trial Act under both Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act and local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. (See Docket Entry # 86)

    On August 5, 2009, the Court signed a Stipulation and Order continuing the case for further status to Friday, October 23, 2009, finding excludable time under the Speedy Trial Act under both Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act and local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. (See Docket Entry # 93)

    On August 19, 2009, this Court signed a substitution of attorneys in this case, replacing one attorney and substituting in as attorney of record, Mr. Joseph J. Wiseman, representing defendant Keoudone N. Phaouthoum (See Docket Entry # 95) Mr. Wiseman, as of August 19, 2009, was now representing the lead defendant in this

case.

On October 28, 2009, the Court signed a Stipulation and Order continuing the case for further status to Friday, October 23, 2009, finding excludable time under the Speedy Trial Act under both Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act and local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. (See Docket Entry # 99)

On February 26, 2010, the Court signed a Stipulation and Order continuing the case for further status to Friday, April 9, 2010, finding excludable time under the Speedy Trial Act under both Title 18 U.S.C. section 3161(h)(8)(B)(ii) and local code T-2, which allowed the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act and local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(8)(B)(iv), of the speedy trial act. (See Docket Entry # 99)

## DISCOVERY STATUS IN THE CASE

To date, the government has produce approximately over 4,700 pages both on CD's and hard copy and approximately over 2.600 telephone calls of various time duration. The government has just recently produced (November 3, 2008) a CD with over 2 hours of video on the CD, some of which is in a language other than English

1 which will need to be translated.  The government continues to produce discovery as
2 it becomes available. The defense is in the continuing process of reviewing this large
3 amount of discovery.
4     In addition, investigation by the defense is on going.
5     Finally, continuing discussions between the government and the defendants
6 continues in a good faith effort and attempt to resolve this matter short of trial (which
7 would be a cost savings to both this Court and the government and allow both the
8 Court and the government to use its resources in other areas).
9     Also, this is one of four related cases and involving  multiple wiretaps. Several
10 defendants are in more than one of the related cases which has extensive and
11 overlapping discovery. The fact that several defendants are in more than one case
12 makes the cases complex in both the discovery, the investigation and the negotiations
13 with the government on potential resolution of the matters short of trial (which would
14 be a cost savings to both the Court and the government).
15     The parties stipulate and agree that time under the Speedy Trial Act  shall
16 continue be excluded **from Friday, April 9, 2010, to up to and including Friday,**
17 **July 16,  2010,  under** the Speedy Trial Act under Local Code T-2 (**complexity of**
18 **case)** and Title 18 U.S.C. section 3161(h)(7)(B)(ii)and Local Code T-4 (**time for**
19 **defense counsel preparation**) and Title 18 U.S.C. section 3161(h)(7)(B)(iv).

20                    Respectfully submitted,
21                    BENJAMIN B. WAGNER
                     UNITED STATES ATTORNEY
22
                     /s/ Michael M. Beckwith in person authorization
23
    DATED: 4-7-10    _____
24                   Michael M. Beckwith
                     ASSISTANT UNITED STATES ATTORNEY
25
26  DATED: 4-7-10    /s/ Joseph J. Wiseman by e mail  authorization
                     _____
27                   Joseph J. Wiseman
28
                              7

Attorney for Defendant Keoudone N. Phaouthoum

DATED 4-7-10              /s/ Mark J. Reichel by e mail authorization
                          _____
                          Mark J. Reichel
                          Attorney for Defendant Kommala Xayadeth


DATED: 4-7-10             /s/ Johnny L. Griffin, III by e mail authorization
                          _____
                          Johnny L. Griffin, III
                          Attorney for Defendant John Li


DATED: 4-7-10             /s/ Michael B. Bigelow by e mail  authorization
                          _____
                          Michael B. Bigelow
                          Attorney for Defendant Son Nguyen


DATED: 4-7-10             /s/ Ronald J. Peters by telephone  authorization
                          _____
                          Ronald J. Peters
                          Attorney for Defendant Vy Rickey You


DATED: 4-7-10             /s/ Dwight M. Samuel by e mail authorization
                          _____
                          Dwight M. Samuel
                          Attorney for Defendant Pamouane Pan Phonephackdy


DATED: 4-7-10             /s/ James R. Greiner
                          _____
                          James R. Greiner
                          Attorney for Defendant Koutkeo Thi

///

8

## ORDER

**FOR THE REASONS STATED ABOVE AND FOR GOOD CAUSE SHOWN,** the status conference scheduled for Friday, April 9, 2010, is continued to Friday, July 16, 2010 and the time from to and including Friday, April 9, 2010 to and including Friday, July 16, 2010, is excluded from the calculation of the time under the Speedy Trial Act under both under the Speedy Trial Act under Local Code T-2 (complexity of case) and Title 18 U.S.C. section 3161(h)(7)(B)(ii)and Local Code T-4 (time for defense counsel preparation) and Title 18 U.S.C. section 3161(h)(7)(B)(iv).

**IT IS SO ORDERED.**

Dated: April 9, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge


_____
**GARLAND E. BURRELL, JR.
UNITED STATES**

**DISTRICT COURT JUDGE**

10